UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery, | Case No. 22-cv-1565 (KMM/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Dakota County; Connor Cremens, *Official Capacity*; and Joel Harazuk, *Individually and Officially*; | |
| Defendants. | |

This matter is before the Court on Plaintiff James Paul Aery's "Objection to Order" filed on July 11, 2022. [ECF 4]. Mr. Aery objects to the June 15, 2022 Order issued by United States Magistrate Judge Elizabeth Cowan Wright which denied Aery's application to proceed *in forma paupers* ("IFP") [Order, ECF 3; IFP Application, ECF 2]. For the reasons that follow, Mr. Aery's Objections are overruled, the June 15th Order is affirmed, and Aery is required to pay a filing fee within the time permitted by this Order or his case will be dismissed without prejudice for failure to prosecute.

In the June 15th Order, Judge Cowan Wright finds that Mr. Aery is a prisoner upon whom the Prison Litigation Reform Act of 1996 ("PLRA") places certain restrictions in obtaining IFP status. The Order explains that the PLRA requires a prisoner who is granted IFP status to ultimately pay the full filing fee in installments, but the statute also give the prisoner the benefit of paying only an initial partial filing fee at the outset of the litigation. In addition, the Order notes that the PLRA prohibits a prisoner

1

from obtaining IFP status in certain circumstances. 28 U.S.C. §§ 1915(b), (g). Specifically, the statute provides,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Applying this provision, Judge Cowan Wright found that Mr. Aery has filed three lawsuits in this District that, prior to the filing of this lawsuit, have been dismissed for failure to state a claim on which relief may be granted. [ECF 3 at 2]. Judge Cowan Wright identifies the following three cases:

- *Aery v. Unknown Beltrami County Deputies*, No. 21-cv-2373 (KMM/DTS), Dkt. No. 7 (D. Minn. Mar. 22, 2022) ("*Beltrami*");
- *Aery v. Pine County Ambulance Service*, No. 22-cv-0009 (SRN/LIB), Dkt. No. 6 (D. Minn. Apr. 13, 2022) ("*Pine County*"); and
- *Aery v. Port Bethel*, No. 22-cv-0456 (NEB/DTS), Dkt No. 5 (D. Minn. May 6, 2022) ("*Port Bethel*").

[*Id.*] Further, she concluded that Mr. Aery is not under any "imminent danger of serious physical injury," given that the lawsuit he filed concerns events that took place nearly three years ago. [*Id.*]. As a result, Judge Cowan Wright concluded that § 1915(g) prohibits Mr. Aery from obtaining IFP status in this case. [*Id.*] The June 15th Order provides that Mr. Aery could move forward with the litigation if he were to pay the full

2

$402 filing fee by July 8, 2022, and if he did not, his case would be subject to dismissal without prejudice for failure to prosecute. [*Id.* at 2–3].

### *Legal Standard*

If a party timely objects to the decision of a magistrate judge on a nondispositive pretrial matter, the district judge is required to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a)(3). When a party objects to a magistrate judge's proposed findings and recommendations on a dispositive pretrial matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and may "accept, reject, or modify the recommended disposition or take other appropriate steps." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b)(3).

When assessing objections to magistrate judge decisions regarding IFP applications, some courts have applied the standard for review of nondispositive matters, and others have applied the standard applicable to dispositive issues. *See Carlone v. Heat and Frost Insulators and Allied Workers Local 34*, No. 14-cv-579 (SRN/JSM), 2014 WL 5438493 (D. Minn. Oct. 23, 2014) (identifying cases in the District of Minnesota applying standard of review for nondispositive magistrate judge rulings on IFP applications and other cases applying the standard for dispositive issues).[1] Here the Court

---

[1] *See also Wilmington Tr, NA v. Scarlett*, No. 1:17-cv-04605-AT-AJB, 2017 WL 8217729, at *2 n.4 (N.D. Ga. Nov. 20, 2017) (discussing split of authority on standard of review for denials of IFP applications).

finds that it need not resolve which standard applies because even under a *de novo* standard of review, Mr. Aery's Objections to the denial of his IFP application fail. *See Carlone*, 2014 WL 5438493, at *2 (not deciding which standard applies because the objection failed under the more rigorous *de novo* standard).

### *Discussion*

Mr. Aery raises only a narrow challenge to the June 15th Order. For example, he does not object to Judge Cowan Wright's finding that he is a prisoner to whom the PLRA and § 1915(g) applies. Nor does he object to the determination that his complaint presents no claim that he is under imminent danger of serious physical injury. Having reviewed the record, this Court finds there was no error in these conclusions.

Here, Aery challenges only the finding that he has previously filed three cases that were dismissed for failure to state a claim on which relief may be granted. The Court finds no error in Judge Cowan Wright's determination that Mr. Aery is barred from proceeding IFP in this case by 28 U.S.C. § 1915(g). Section 1915(g) is commonly referred to as the "three strikes rule." *E.g.*, *Stewart v. Freddie*, No. 6:14-cv-06143, 2016 WL 5403099 (W.D. Ark. May 24, 2016). By its plain language, it applies when a prisoner has, on three or more prior occasions during his incarceration, filed an action that was dismissed because it failed to state a claim upon which relief may be granted.

Each of the cases Judge Cowan Wright identified was filed before Mr. Aery commenced this case on June 13, 2022. Aery filed *Beltrami* on October 25, 2021, *Pine County* on January 3, 2022, and *Port Bethel* on February 17, 2022. And all three of those cases were dismissed for failure to state a claim before June 13, 2022: *Beltrami* was

dismissed March 22, 2022, *Pine County* on April 13, 2022, and *Port Bethel* on May 6, 2022.

In his Objections, Mr. Aery states that in neither *Pine County* nor *Port Bethel* did the court give him an opportunity to amend.[2] The dismissals in both cases were without prejudice, and neither dismissal order expressly provided an opportunity for Aery to amend his complaint. *Pine County*, No. 22-cv-0009 (SRN/LIB), Dkt. No. 6 at 9; *Port Bethel*, No. 22-cv-456 (NEB/DTS), Dkt. No. 5 at 5. But this reinforces, rather than undermines, the conclusion that the dismissals in *Pine County* and *Port Bethel* were strikes two and three. The Supreme Court has explained that the "broad language" of § 1915(g) applies to dismissals "issued both with and without prejudice as to a plaintiff's ability to reassert his claims in a later action." *Lomax v. Ortiz-Martinez*, 140 S. Ct. 1721, 1724 (2020); *see also Orr v. Clements*, 688 F.3d 463, 465 (8th Cir. 2012) ("The text of § 1915(g) draws no distinction between dismissals with prejudice and dismissals without prejudice."). The three-strikes rule "does not apply when a court gives a plaintiff leave to amend his complaint," which is a path courts take "if there is a chance that amendment can cure a deficient complaint." *Lomax*, 140 S. Ct. at 1724 n.4. Because the *Pine County* and *Port Bethel* courts did not follow that path, Mr. Aery is incorrect that those dismissals do not qualify as strikes.

---

[2] Mr. Aery raises no specific objection regarding the finding that *Beltrami* counts as a strike for purposes of 28 U.S.C. § 1915(g). The Court finds no error in that determination.

5

Mr. Aery raises one more attempt to avoid striking out of IFP eligibility. He states: "[t]his case is partially a continuation from 20-cv-55, [in] which Judge Tunheim state[d] he expected me to re-file once I was more prepared, which I am." [ECF 4 at 1]. Aery refers here to another case that he filed before this suit: *Aery v. Cremens, et al.*, No. 20-cv-0055 (JRT/ECW), Dkt. No. 1 (D. Minn. Jan. 6, 2020). On March 20, 2021, in *Aery v. Cremens*, Judge Tunheim issued an Order adopting the recommendation, also issued by Judge Cowan Wright, that Mr. Aery's complaint be dismissed for failure to state a claim against Connor Cremens, the prosecutor who signed the criminal complaint that formed the basis of that lawsuit. *Id.*, No. 20-cv-0055 (JRT/ECW), Dkt. No. 68 (D. Minn. Mar. 30, 2021). In that Order, Judge Tunheim indeed explained that the dismissal of Mr. Aery's complaint was without prejudice, meaning that "the complaint may be amended and filed again, correcting the problems identified with the original complaint." *Id.*, Dkt. No. 68 at 9. Similarly, the dismissal Order stated that "when he is better prepared, Aery is free to file another action to reassert the claims that the Court will dismiss without prejudice." *Id.* The claim at issue in that case that was dismissed without prejudice appears to be the one that Mr. Aery is now attempting to litigate in this proceeding. That claim was an official-capacity claim against Mr. Cremens. Judge Tunheim dismissed that claim without prejudice because Mr. Aery had not included any allegations showing that Dakota County "created, adopted, or supported an unconstitutional policy or custom or that the County failed to train or supervise its prosecutors with deliberate indifference." *Id.* at 7–8.

However, nothing about the outcome of *Aery v. Cremens* undermines Judge Cowan Wright's conclusion in the June 15th Order that, before Mr. Aery filed this case, he had acquired three strikes against him for purposes of § 1915(g). Even if Judge Tunheim's Order in Case No. 20-cv-55 could be construed as having given Mr. Aery leave to amend, Judge Cowan Wright did not base her determination that Mr. Aery had accumulated three strikes based on the outcome of *Aery v. Cremens*. Indeed, Judge Cowan Wright specifically found that the dismissal in Case No. 20-cv-55 did not constitute a strike for purposes of § 1915(g). [ECF 3 at 2 n.1]. Between the time Judge Tunheim dismissed the earlier case against Mr. Cremens without prejudice and the time Mr. Aery filed this case, Aery struck out by taking his swings in other cases. The intervening dismissals in *Beltrami*, *Pine County*, and *Port Bethel* were strikes one, two, and three, and Mr. Aery has lost the opportunity to obtain IFP status even though he intends this case to be a "partial continuation" of *Aery v. Cremens* on the official-capacity claim that Judge Tunheim dismissed without prejudice.

*Conclusion*

For the reasons stated above, the June 15, 2022 Order [ECF 3] is **AFFIRMED** and Mr. Aery's Objections [ECF 4] are **OVERRULED**. Mr. Aery must pay the full $402 filing fee for this action by no later than August 23, 2022, failing which this action will be dismissed without prejudice for failure to prosecute.

Date: August 2, 2022

                                                  *s/Katherine Menendez*
                                                  Katherine Menendez
                                                  United States District Judge